NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| RODNEY LEE, et al., <br><br> Plaintiffs, <br><br> v. <br><br> FEIN, SUCH, KAHN & SHEPARD, P.C., <br><br> Defendant. | Civil Action No.: 2:17-cv-03516 <br><br> **OPINION** |

**CECCHI, District Judge.**

I. **INTRODUCTION**

This matter comes before the Court on the motion of Defendant Fein, Such, Kahn & Shepard, P.C. ("Defendant") to dismiss Plaintiffs Rodney Lee and Chauntelle Lee's ("Plaintiffs") Complaint pursuant to Fed. R. Civ. P. 12(b)(6). (ECF No. 3). The Court has given careful consideration to the submissions from each party. Pursuant to Fed. R. Civ. P. 78(b), no oral argument was heard. For the reasons that follow, Defendant's Motion to Dismiss is granted.

II. **BACKGROUND**

On August 7, 2006, Plaintiffs signed an "Adjustable Rate Note," which states that "[i]n return for a loan that [we] have received, [we] promise to pay U.S. $489,250.00 (this amount is called "Principal"), plus interest, to the order of the Lender. The Lender is National City Mortgage[,] a division of National City Bank." (ECF No. 1 at 45-49).[1] Plaintiffs also executed a mortgage with National City Mortgage. (*Id.* at 52-67).

Thereafter, Defendant alleges that the mortgage was assigned from National City

---

[1] On a motion to dismiss, the Court may consider any exhibits attached to the complaint. *See Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993).

Mortgage to National City Mortgage Company, (ECF No. 3-2 at 30-31), from National City Mortgage Company to E*Trade Bank, (*id.* at 33), and from E*Trade Bank to Bayview Loan Servicing, LLC. (*Id.* at 35-37).[2]

On June 17, 2014, Defendant sent Plaintiffs a notice which states that:

This notice is regarding the mortgage loan held by, the lender by ETRADE BANK, whose address is 671 NORTH GLEBE ROAD, ARLINGTON, VA 22203. The mortgage loan is secured by the below property.

70 WHITFORD DR
BURLINGTON, NJ, 08016

The original principal amount of the mortgage is $489,250.00. As you know, this loan is currently being serviced by BAYVIEW LOAN SERVICING, 4425 PONCE DE LEON BLVD, CORAL GABLES, FL 33146. Your mortgage payments are past due for April 1, 2010 through the present payment, which put you in default of your loan agreement. As of June 17, 2014 you owe the following:

. . . .

You may cure your default, by paying or tendering funds in the amount of $ 110,996.14 on or before July 22, 2014. Your payment must be in Certified Funds, (Cashier's Check, Money Order or Certified Check) made payable to BAYVIEW LOAN SERVICING, payment must be received in our office on or before July 22, 2014, at:

. . . .

If you send in your payment to FEIN, SUCH, KAHN AND SHEPARD, PC on or after the first of July, you will need to include July's payment in order to bring your loan current. If you do not cure the default by July 22, 2014, BAYVIEW LOAN SERVICING intends to take steps to terminate your ownership interest of

---

[2] The Court may also consider on a motion to dismiss, "'matters of public record,' and documents 'integral to or explicitly relied upon in the complaint.'" *Maturo v. Bank of Am., N.A.*, No. 16-350, 2017 WL 773878, at *1 n.1 (D.N.J. Feb. 27, 2017) (citations omitted). "As a matter of New Jersey law, the recording and assignment of a mortgage are matters of public record." *Id.* Here, Plaintiffs' Complaint hinges on the mortgage and assignment of said mortgage, making the mortgage and all documents assigning the mortgage integral. Notably, Plaintiffs' assertions do not dispute the authenticity of any documents attached by Defendant. Therefore, the mortgage and the recording and assignment of the mortgage as provided by Defendant as exhibits to its moving papers are considered for purposes of this motion because they are part of the public record and integral to the Complaint.

the property by commencing a foreclosure suit in a court of competent jurisdiction.

(ECF No. 1 at 13). The notice further stated that "[a]ttached hereto please find the notice required by the Fair Debt Collections Act." (*Id.* at 14). On October 30, 2014, after failing to receive payment from Plaintiffs, Defendant filed a "complaint in foreclosure" against Plaintiffs in the Superior Court of New Jersey Chancery Division, Burlington County. (*Id.* at 26-43). Plaintiffs were served with the complaint on November 5, 2014. (ECF No. 5).

On May 17, 2017, Plaintiffs filed their Complaint with this Court, alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), the New Jersey Fair Foreclosure Act ("FFA"), and the common law tort of negligent infliction of emotional distress. (ECF No. 1). On June 21, 2017, Defendant filed a motion to dismiss, (ECF No. 3), and on June 30, 2017, Plaintiffs filed an opposition. (ECF No. 4).

### III. LEGAL STANDARD

#### A. Rule 12(b)(1)

Courts must grant a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) if the court determines that it lacks subject-matter jurisdiction over a claim. *See In re Schering Plough Corp. Intron/Temodar Consumer Class Action*, 678 F.3d 235, 243 (3d Cir. 2012). "Generally, where a defendant moves to dismiss under Rule 12(b)(1) for lack of subject-matter jurisdiction, the plaintiff bears the burden of proving by a preponderance of the evidence that the Court has subject matter jurisdiction." *The Connelly Firm, P.C. v. U.S. Dep't of the Treasury*, No. 15-2695, 2016 WL 1559299, at *2 (D.N.J. Apr. 18, 2016) (citing *Gould Elecs. Inc. v. United States*, 220 F.3d 169, 178 (3d Cir. 2000)).

The first step in evaluating a 12(b)(1) motion is determining whether the 12(b)(1) motion presents a facial attack or a factual attack. *See Constitution Party of Pa. v. Aichele*, 757 F.3d

3

347, 357-58 (3d Cir. 2014). For facial attacks, "the court must consider the allegations of the complaint as true." *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977). For factual attacks, however "the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case. In short, no presumptive truthfulness attaches to plaintiff's allegations . . . [and] the plaintiff will have the burden of proof that jurisdiction does in fact exist." *Id.*

B. **Rule 12(b)(6)**

For a complaint to survive dismissal pursuant to Fed. R. Civ. P. 12(b)(6), it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In evaluating the sufficiency of a complaint, the Court must accept all well-pleaded factual allegations in the complaint as true and draw all reasonable inferences in favor of the non-moving party. *See Phillips v. Cty. of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Furthermore, "[a] pleading that offers 'labels and conclusions' . . . will not do. Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (citations omitted).

C. **Liberal Pleading Standard for *Pro Se* Litigants**

A *pro se* litigant's complaint is held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Courts have a duty to construe pleadings liberally and apply the applicable law, irrespective of whether a *pro se* litigant has mentioned the law by name. *See Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244 (3d Cir. 2013). A *pro se* complaint "can only be dismissed for failure to state a claim if it appears

4

'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (quoting *Haines*, 404 U.S. at 520-21); *see also Bacon v. Minner*, 229 F. App'x 96, 100 (3d Cir. 2007).

IV. **DISCUSSION**

A. **Fair Debt Collection Practices Act**

Plaintiffs' Complaint alleges various violations of the FDCPA. (*See generally* ECF No. 1). "An action under the FDCPA must be brought 'within one year from the date on which the violation occurs.'" *Schaffhauser v. Citibank (S.D.) N.A.*, 340 F. App'x 128, 130 (3d Cir. 2009) (citing 15 U.S.C. § 1692k(d)). "Where FDCPA claims are premised upon allegations of improper pursuit of debt collection litigation, courts are split as to when the FDCPA's one-year statute of limitations begins to run: some have held that such claims accrue upon filing the underlying collection action, while others use the date on which the purported debtor was served with the complaint."[3] *Id.* at 130-31 (citations omitted).

Here, Defendant filed the underlying collection action on October 30, 2014, (ECF No. 1 at 26), and Plaintiffs were served with the complaint on November 5, 2014. (ECF No. 5). Using either of these dates, Plaintiffs' filing of their Complaint on May 17, 2017 falls outside the one-year statute of limitations period for FDCPA claims. *See Schaffhauser*, 340 F. App'x at 131 ("In this case, we need not address whether the limitations period began to run upon filing or upon service, because, under either approach, the statute of limitations began to run in 2001.").

Implicitly acknowledging this problem, Plaintiffs argue that the discovery rule, which delays the beginning of a limitations period until Plaintiffs knew of or should have known of their injuries, applies to FDCPA claims. Under the discovery rule as articulated by Plaintiffs,

---

[3] This question is currently on appeal before the Third Circuit in *Kevin Rotkiske v. Paul Klemm, et al.*, No. 16-1668 (3d Cir. Mar. 25, 2016); however, for the reasons stated below, the Court need not address this issue.

5

their action would be timely, as Plaintiffs allegedly only became aware of the purported violation on May 9, 2017, when Defendant "threatened . . . to take final judgment action that cannot legally be taken[.]" (ECF No. 4 at 10).

Nonetheless:

> [E]ven were the Court to apply the more lenient discovery rule—that the limitations period begins to run when the plaintiff knows or has reason to know that he or she has been sued—which the Third Circuit has yet to apply in the FDCPA context, Plaintiff[s] ha[ve] provided no facts upon which this Court could rely in beginning to calculate the limitations period from a date after the date of service attested in the public record of the Foreclosure Action.

*Destefano v. Udren Law Offices, P.C.*, No. 16-7559, 2017 WL 2812886, at *10 n.5 (D.N.J. June 29, 2017). Plaintiffs' contention that the statute of limitations began running on May 9, 2017, when Defendant "threatened . . . to take final judgment action that cannot legally be taken," (ECF No. 4 at 10), appears at odds with Defendant's submission of proof of service of Defendant's complaint in the underlying collection action on both Plaintiffs on November 5, 2014. (ECF No. 5). Accordingly, with no further factual assertions, Plaintiffs' claim is without merit and must be dismissed.

### B.     Remaining State Law Claims

As to Plaintiffs' remaining state law claims, which include alleged violations of New Jersey's Fair Foreclosure Act, and purported negligent infliction of emotional distress, the Court declines to exercise supplemental jurisdiction. The basic statutory grant of federal court subject-matter jurisdiction provides for federal-question jurisdiction and for diversity of citizenship jurisdiction. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 513 (2006) (citing 28 U.S.C. §§ 1331, 1332). "A plaintiff properly invokes § 1331 jurisdiction when she pleads a colorable claim 'arising under' the Constitution or laws of the United States." *Id.* Here, as Plaintiffs failed to state a cognizable federal claim, the Court does not have federal question jurisdiction. To invoke

6

§ 1332, Plaintiffs must state "a claim between parties of diverse citizenship that exceeds the required jurisdictional amount, currently $ 75,000." *Id.* Although Plaintiffs state in their Complaint that "[t]his court has both personal and subject matter jurisdiction to hear this case pursuant to 28 USC § 1332," (ECF No. 1 ¶ 2), it is clear from Plaintiffs' Complaint that they are asserting federal question jurisdiction. (*See id.* ¶ 1 ("These claims arise under Federal Question Jurisdiction, including but not limited to The Fair Debt Collection Practices Act[.]")). In addition, because Plaintiffs cannot plead complete diversity of citizenship, (*see id.* ¶ 3 ("The Plaintiff is a resident of New Jersey and the Defendant is . . . authorized to do business in the State of New Jersey.")),[4] the Court cannot consider their claims under diversity jurisdiction. Further, the Court declines to exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367(c) over any remaining state-law claims arising in the Complaint. Accordingly, the Court dismisses Plaintiffs' Complaint in its entirety.

## V. CONCLUSION

For the reasons set forth above, Defendant's motion to dismiss is granted. To the extent the pleading deficiencies identified by this Court can be cured by way of amendment, Plaintiffs are hereby granted thirty (30) days to file an amended pleading. An appropriate Order accompanies this Opinion.

DATED: Jan 30, 2017

_____
CLAIRE C. CECCHI, U.S.D.J.

---

[4] The Court acknowledges that being "authorized to do business in the State of New Jersey" does not necessarily defeat diversity of citizenship; however, Defendant's principal place of business is in New Jersey and therefore, Plaintiffs do not meet the requirements of 28 USC § 1332.

7